FILED
United States Court of Appeals
Tenth Circuit

December 31, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ANALYN SANTOS-OSBORNE,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 13-9567
(Petition for Review)

### ORDER AND JUDGMENT[*]

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**BACHARACH**, Circuit Judge.

Analyn Santos-Osborne, a native and citizen of the Philippines, petitions for

review of a Board of Immigration Appeals (BIA) decision denying her a waiver of

the spousal joint-filing requirement for removal of the conditions on her

permanent-resident status. We dismiss the petition for review.

---

[*]       After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

In October 2002, Ms. Santos-Osborne married Karl James Osborne, II, a United States citizen, in the Philippines. She came to the United States in June 2003 and was granted conditional resident status as the spouse of a United States citizen. To remove the conditions on her status, Ms. Santos-Osborne and Mr. Osborne were required to file a joint petition within 90 days of the two-year anniversary of the grant of conditional residency and appear together at an interview. 8 U.S.C. § 1186a(c)(3). Ms. Santos-Osborne and Mr. Osborne filed a timely joint petition and were interviewed by an official of the United States Citizenship and Immigration Services (USCIS). During the interview process, Mr. Osborne withdrew from the joint petition. Consequently, the Department of Homeland Security (DHS) served Ms. Santos-Osborne with a Notice to Appear charging her with removability based on marriage fraud, pursuant to 8 U.S.C. §§ 1227(a)(1)(A), (B), & (G)(ii).

In May 2007, Ms. Santos-Osborne and Mr. Osborne were divorced. On June 20, 2007, Ms. Santos-Osborne filed a petition seeking a "hardship waiver," which allows the Attorney General, in his discretion, to grant unconditional permanent residency to an alien whose marriage to a United States citizen has ended if the alien demonstrates that the marriage "was entered into in good faith." 8 U.S.C. § 1186a(c)(4)(B). The USCIS denied the waiver and Ms. Santos-Osborne requested review of that denial.

A hearing was held before an immigration judge (IJ), at which several witnesses testified, including Ms. Santos-Osborne and Mr. Osborne. Before meeting, Ms. Santos-Osborne and Mr. Osborne exchanged letters and talked on the phone for several months. Mr. Osborne traveled to the Philippines with Ms. Santos-Osborne's friend, Sonia Lopez, who paid for most of his travel expenses. After the wedding, with Ms. Lopez's assistance, Mr. Osborne filed documents for Ms. Santos-Osborne's immigration to the United States. During the marriage, Mr. Osborne used drugs and alcohol, was unable to hold a job, and had sexual relations with men.

The IJ assessed the witnesses' credibility and concluded that Ms. Santos-Osborne had not met her burden to prove that she entered the marriage in good faith. He further held, based on the hearing testimony and documents produced, that DHS had carried its burden to prove that she was removable. The IJ therefore denied Ms. Santos-Osborne's request for a hardship waiver and denied her petition. She then filed a timely appeal to the BIA. The BIA dismissed the appeal.

Ms. Santos-Osborne appeals to this court, arguing that the BIA failed to review whether the IJ applied the correct standards of proof to (1) her burden to show that she entered into the marriage in good faith, and (2) DHS's burden to show that she was removable. These failures, she claims, deprived her of due process.[1]

---

[1] Ms. Santos-Osborne has abandoned on appeal her request for voluntary departure.

**II. Discussion**

This court lacks jurisdiction to review the discretionary decision not to grant a hardship waiver to an eligible alien. *Iliev v. Holder*, 613 F.3d 1019, 1023 (10th Cir. 2010); *see also* 8 U.S.C. § 1186a(c)(4). But this court "possess[es] jurisdiction to review [a petition for review] to the extent it contends the BIA applied an incorrect legal rule to [the] case." *Id.* at 1022. Even so, we need not decide whether Ms. Santos-Osborne has presented a reviewable legal issue because we lack jurisdiction over her claims due to her failure to present them to the BIA. *See Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) (holding this court lacks jurisdiction over arguments that were not presented to the BIA).

Ms. Santos-Osborne contends that the BIA did not review de novo whether the IJ applied the correct standards of proof. First, she argues that the BIA should have reviewed de novo whether the IJ applied the preponderance-of-the-evidence standard to the issue of her good faith in entering into the marriage. *See* 8 U.S.C. § 1186a(c)(4)(B) (stating burden is on petitioner to prove that she entered into the marriage in good faith).[2] Second, she claims that the BIA did not review de novo the IJ's application of the clear-and-convincing-evidence standard to DHS's evidence that she was removable. *See* 8 U.S.C. § 1229a(c)(3) (stating DHS "has the burden of

---

[2]     The parties, as well as the IJ, state the applicable standard of proof as a preponderance of the evidence. In dicta, this court has indicated that the requirement is proof by clear and convincing evidence. *Iliev*, 613 F.3d at 1025. We do not address the merits of this claim, so we need not decide which standard applies.

establishing by clear and convincing evidence that, in the case of an alien who has been admitted to the United States, the alien is deportable").

In her brief to the BIA, however, Ms. Santos-Osborne did not request the BIA to review whether the IJ applied the correct standards of proof, nor did she claim that he applied the incorrect standards. Rather, she argued that the IJ erred in finding her testimony not credible and in concluding that she did not establish her good faith in entering into the marriage. The BIA discussed the evidence pertaining to the good-faith marriage claim, and concluded that the IJ's findings of fact and credibility determinations were not clearly erroneous. *See* 8 C.F.R. § 1003.1(d)(3)(i) (stating BIA reviews for clear error the "[f]acts determined by the [IJ], including findings as to the credibility of testimony"). Therefore, because Ms. Santos-Osborne did not "present the *same specific legal theory* to the BIA" that she attempts to raise here, we lack jurisdiction to consider it. *Garcia-Carbajal*, 625 F.3d at 1237; *see also* 8 U.S.C. § 1252(d)(1) (requiring exhaustion of administrative remedies before "[a] court may review a final order of removal").

Similarly, Ms. Santos-Osborne did not argue to the BIA that the IJ failed to apply the correct standard of proof to DHS's burden to prove that she was removable. She limited her argument to the issue of voluntary departure, claiming the IJ erred in denying voluntary departure on the ground that she "attempted to evade immigration laws." Admin. R. at 17. The BIA addressed the claim presented— Ms. Santos-Osborne's moral character as it related to voluntary departure—and did

- 5 -

not review the merits of the marriage-fraud determination or whether the IJ applied the correct burden of proof. For the same reasons stated above, we lack jurisdiction to review this claim. *See Garcia-Carbajal*, 625 F.3d at 1237; *see also* 8 U.S.C. § 1252(d)(1).

## III. Conclusion

The petition for review is dismissed.

Entered for the Court

Wade Brorby
Senior Circuit Judge